UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANE DOE XX,

                *Plaintiff*,

     -against-

DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN,

                *Defendants*.
------------------------------------------------------------------X

Docket No.: 1:20-cv-11106

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff **JANE DOE XX** ("Plaintiff" or "Ms. Doe")[1], by and through her attorneys at **MERSON LAW, PLLC**, and as for her Verified Complaint in this action against Defendants **DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN** (collectively "Defendants"), hereby alleges the following:

## VENUE, JURISDICTION AND TIMELINESS

1. Venue is proper in this Court pursuant to 28 U.S.C §§ 1391(b)(1) and 1391(b)(2) as this is the judicial district in which both a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the subject of the action is situated.

2. Specifically, from in or about 2014, and continuing thereafter in a continuous course of conduct through in or about 2018, in locations including New York, New York, Palm

---

[1] Plaintiff uses the "Jane Doe" pseudonym because she is a victim of a sex crime pursuant to N.Y. Civ. Rights § 50-b and other statutory and common law principles. The attorneys for Defendants have indicated that they are amenable to stipulating to this relief, as they have done in several other actions against the Estate (*see e.g.* Mary Doe v. Estate), but to the extent necessary, Plaintiff will file a motion to proceed pseudonymously on the basis of her privacy, among other things, because her allegations concern sexual abuse.

Beach, Florida, Stanley, New Mexico and Little Saint James Island, United States Virgin Islands, Jeffrey Edward Epstein ("Epstein") forcibly sexually trafficked, abused, assaulted, battered, and raped Plaintiff, and forced Plaintiff to perform oral sex on him, through the use of force, fraud, or coercion, and without her consent, in violation of New York Penal law, including but not limited to, §§ 130.25, 130.35, 130.40, 130.50 and 130.70, and in violation of 18 U.S.C. Chapter 77 (Peonage, Slavery, and Trafficking in Persons) ("Chapter 77").

3. The Estate of Jeffrey Edward Epstein (the "Estate"), which is being presided over by Defendants, includes the residence in New York, New York which is located at 9 East 71st Street, New York, New York 10021, which was occupied by Epstein before his death in August of 2019, and while the residence is currently listed for sale for $88,000,000, it has not yet been sold, and is still part and parcel of the Estate.

4. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C § 1331 as the matter in controversy arises, in part, under the Constitution, law, or treaties of the United States, specifically 18 U.S.C. § 1591 - § 1595.

5. This Court also has subject-matter jurisdiction over this matter pursuant to 28 U.S.C § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, and/or citizens of a State and citizens or subjects of a foreign state.

6. This Court had personal jurisdiction over Epstein at the time of his death because the tortious acts giving rise to Plaintiff's claims took place in New York State.

7. This Court has personal jurisdiction over Defendants because at the time of his death, Epstein was subject to personal jurisdiction as referenced above.

8. This action has been timely filed pursuant to CPLR § 213-c which provides that all civil claims or causes of action brought by any person for physical, psychological or other injury or condition suffered by such person as a result of conduct which would constitute rape in the first degree as defined in section 130.35 of the penal law, or rape in the third degree as defined in subdivision one or three of section 130.25 of the penal law, or criminal sexual act in the first degree as defined in section 130.50 of the penal law, or criminal sexual act in the third degree as defined in subdivision one or three of section 130.40 of the penal law, or aggravated sexual abuse in the first degree as defined in section 130.70 of the penal law may be brought against any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of the said conduct, within twenty years.

9. Indeed, as referenced above, the actions described herein constitute sexual offenses by Epstein under New York Penal Law Article 130 and were committed against Plaintiff through the use of force, and without her consent, from in or about 2014, and continuing thereafter in a continuous course of conduct through in or about 2018, for which she suffered physical, psychological and other injuries as a result. As such, her claims are brought timely pursuant to CPLR § 213-c.

10. This action has also been timely filed pursuant to 18 U.S.C. § 1595 which provides that an individual who is a victim of a violation of Chapter 77 may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States within 10 years after the cause of action arose, and may recover damages and reasonable attorneys' fees.

11. Indeed, as referenced above, the actions described herein constitute sexual offenses by Epstein under Chapter 77 and were committed against Plaintiff through the use of force, fraud, or coercion, and without her consent, from in or about 2014, and continuing thereafter in a continuous course of conduct through in or about 2018, for which she suffered physical, psychological and other injuries as a result. As such, her claims are brought timely pursuant to 18 U.S.C. § 1595.

## PARTIES

12. Plaintiff, a victim of sex trafficking and sexual abuse, has been identified by pseudonym pursuant to an agreement between counsel for all parties because this matter is of a highly sensitive and personal nature, and public disclosure of her identity may subject her to further humiliation, shame, and emotional distress.

13. Plaintiff was and is a resident and domiciliary of New York State.

14. Upon information and belief, Defendants are successors-in-interest and/or obligors to Epstein's assets, obligations and/or responsibilities. Upon further information and belief, the Estate maintained multiple properties in the United States including, but not limited to, New York, New York, Palm Beach, Florida and New Mexico.

15. Pursuant to 28 U.S.C §§ 1332(c)(2), Darren K. Indyke, who is sued in his capacity as co-executor of the Estate, is a citizen of the United States Virgin Islands.

16. Pursuant to 28 U.S.C §§ 1332(c)(2), Richard D. Kahn, who is sued in his capacity as co-executor of the Estate, is a citizen of the United States Virgin Islands.

## NATURE OF THE CLAIMS

17. Epstein sexually trafficked, abused, assaulted and battered many young women, including Plaintiff herein.

18. Now, Plaintiff comes forward to stand up for herself and others, after she was forcibly sexually trafficked, abused, assaulted, battered and raped by Epstein through the use of force, fraud, or coercion, and without her consent.

19. Plaintiff was forcibly sexually trafficked, abused, assaulted, battered and raped by Epstein, through the use of force and without her consent, as a part of the same conduct, occurrence, plan, scheme and/or transaction that was perpetrated, conducted, organized and/or performed in locations including New York, Florida, New Mexico, South Carolina, California, the United States Virgin Islands and other places by Epstein and his associates.

20. Over the course of several decades, Epstein orchestrated a massive sex trafficking network to obtain hundreds of underage girls and young women for not only his sexual gratification, but also that of several other wealthy and/or powerful individuals within his social network to whom he trafficked these same underage girls and young women.

21. In performing the acts set forth above, Epstein not only committed multiple torts unto Plaintiff including, but not limited to, assault, battery and intentional infliction of emotional distress pursuant to New York State common law, but also committed multiple violations unto Plaintiff including, but not limited, sex trafficking by force, fraud or coercion pursuant to Federal law.

22. From in or about 2014, and continuing thereafter in a continuous course of conduct through in or about 2018, in locations including New York, New York, Palm Beach, Florida, Stanley, New Mexico and Little Saint James Island, United States Virgin Islands, Epstein forcibly sexually trafficked, abused, assaulted, battered, and raped Plaintiff, and forced Plaintiff to perform oral sex on him, through the use of force and without her consent, in

violation of New York Penal law including, but not limited to, §§ 130.25, 130.35, 130.40, 130.50 and 130.70, and in violation of Chapter 77.

23. Since the sexual abuse, and a result thereof, Plaintiff has suffered severe emotional pain and suffering, and has been unable to live a normal life.

24. At the time that the sexual abuse began, Plaintiff was approximately twenty-four years old, and Defendant was approximately sixty-one years old.

25. Plaintiff was first introduced to Epstein by one of his associates. This associate then arranged for a Skype interview to take place a few weeks later after which Epstein invited Plaintiff to New York to meet in person to interview for a job as his personal assistant, which she ultimately got.

26. However, shortly after beginning the job, Epstein began repeatedly sexually abusing, assaulting, battering and raping her, as set forth above, through the use of force and without her consent.

27. Epstein's sexual abuse of Plaintiff included forcing her to engage in non-consensual and forcible sexual intercourse and oral sexual conduct with him. As such, Epstein's conduct towards Plaintiff amounted to violations of several sections of Article 130 of New York State's Penal Law including, but not limited to, §§ 130.25, 130.35, 130.40, 130.50 and 130.70, as well as violations of Chapter 77.

28. Indeed, as set forth above, Epstein's conduct towards Plaintiff amounted to "rape in the third degree" in violation of New York State Penal Law § 130.25 as he engaged in sexual intercourse with her through the use of force and without her consent.

29. Epstein's conduct towards Plaintiff also amounted to "rape in the first degree" in violation of New York State Penal Law § 130.35 as he engaged in sexual intercourse with her by forcible compulsion and without her consent.

30. Epstein's conduct towards Plaintiff also amounted to violations of New York State Penal Law §§ 130.40 and 130.50 as he forced Plaintiff to perform oral sex onto him by forcible compulsion and without her consent.

31. Epstein's conduct towards Plaintiff also amounted to "aggravated sexual abuse in the first degree" in violation of New York State Penal Law § 130.70 as he would insert foreign objects in the vagina of Plaintiff by forcible compulsion and without her consent.

32. Finally, Epstein's conduct towards Plaintiff also amounted to "sex trafficking by force, fraud, or coercion" in violation of 18 U.S.C. § 1591 as he, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited, threatened, forced, or coerced Plaintiff to engage in commercial sex acts.

33. The predatory, sexual attacks on Plaintiff by Epstein left her with not only severe and permanent physical injuries, but Plaintiff has also suffered, and will continue to suffer from, severe and permanent psychological trauma.

**AS AND FOR A FIRST CAUSE OF ACTION FOR
BATTERY OF JANE DOE XX AS TO JEFFREY EDWARD EPSTEIN**

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint marked and designated 1. through 33., inclusive, with the same force and effect as if hereafter set forth at length.

35. Upon information and belief, Defendants **DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN**, act as the successors-in-interest and/or obligors to Epstein's assets, obligations and responsibilities.

36. From in or about 2014, and continuing thereafter in a continuous course of conduct through in or about 2018, in locations including New York, New York, Palm Beach, Florida, Stanley, New Mexico and Little Saint James Island, United States Virgin Islands, Epstein forcibly sexually trafficked, abused, assaulted, battered, and raped Plaintiff, and forced Plaintiff to perform oral sex on him, through the use of force, fraud, or coercion, and without her consent, in violation of New York Penal law, including but not limited to, §§ 130.25, 130.35, 130.40, 130.50 and 130.70, and in violation of Chapter 77.

37. Epstein's predatory, sexual, and unlawful acts against Plaintiff amounted to a series of harmful and offensive contacts to Plaintiff's person, all of which were done forcibly and intentionally by him to her without her consent.

38. As a direct and proximate result of the aforementioned batteries, Plaintiff has sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

39. As a direct and proximate result of the aforementioned batteries, Plaintiff has incurred medical expenses and other economic damages, and continues to be in physical pain and suffering, and will now be obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

40. As a direct and proximate result of the aforementioned batteries, Plaintiff suffered, and continues to suffer from, extreme mental distress, humiliation, anguish, emotional and physical injuries, as well as economic losses, those total damages in amounts to be proven at trial.

41. As a direct and proximate result of the aforementioned batteries, Plaintiff was caused to sustain severe and serious personal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof.  Upon information and belief these injuries are of a permanent and lasting nature, and Plaintiff was incapacitated from attending her regular activities and was caused to expend sums of money for medical care on her behalf.

42. By reason of the foregoing, Plaintiff, by and through her attorneys at **MERSON LAW, PLLC**, hereby demands judgment against Defendants in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00) in compensatory damages for Plaintiff, together with the costs and disbursements of this action and the interest imposed thereon, and any other and further relief that a jury and/or this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION FOR ASSAULT OF JANE DOE XX AS TO JEFFREY EDWARD EPSTEIN

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint marked and designated 1. through 42., inclusive, with the same force and effect as if hereafter set forth at length.

44. Upon information and belief, Defendants **DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN**, act as the successors-in-interest and/or obligors to Epstein's assets, obligations and responsibilities.

45. From in or about 2014, and continuing thereafter in a continuous course of conduct through in or about 2018, in locations including New York, New York, Palm Beach, Florida, Stanley, New Mexico and Little Saint James Island, United States Virgin Islands, Epstein forcibly sexually trafficked, abused, assaulted, battered, and raped Plaintiff, and forced Plaintiff to perform oral sex on him, through the use of force, fraud, or coercion, and without her consent, in violation of New York Penal law, including but not limited to, §§ 130.25, 130.35, 130.40, 130.50 and 130.70, and in violation of Chapter 77.

46. Epstein's predatory, sexual and unlawful acts against Plaintiff, created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person, all of which were done forcibly and intentionally by him to her without her consent.

47. As a direct and proximate result of the aforementioned assaults, Plaintiff has sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

48. As a direct and proximate result of the aforementioned assaults, Plaintiff has incurred medical expenses and other economic damages, and continues to be in physical pain and suffering, and will now be obligated to expend sums of money for medical care and attention in an effort to cure herself of her injuries and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

49. As a direct and proximate result of the aforementioned assaults, Plaintiff suffered, and continues to suffer from, extreme mental distress, humiliation, anguish, emotional and physical injuries, as well as economic losses, those total damages in amounts to be proven at trial.

50. As a direct and proximate result of the aforementioned assaults, Plaintiff was caused to sustain severe and serious personal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof.  Upon information and belief these injuries are of a permanent and lasting nature, and Plaintiff was incapacitated from attending her regular activities and was caused to expend sums of money for medical care on her behalf.

51. By reason of the foregoing, Plaintiff, by and through her attorneys at **MERSON LAW, PLLC**, hereby demands judgment against Defendants in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00) in compensatory damages for Plaintiff, together with the costs and disbursements of this action and the interest imposed thereon, and any other and further relief that a jury and/or this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF JANE DOE XX AS TO JEFFREY EDWARD EPSTEIN

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint marked and designated 1. through 51., inclusive, with the same force and effect as if hereafter set forth at length.

53. Upon information and belief, Defendants **DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN**, act as the successors-in-interest and/or obligors to Epstein's assets, obligations and responsibilities.

54. From in or about 2014, and continuing thereafter in a continuous course of conduct through in or about 2018, in locations including New York, New York, Palm Beach, Florida, Stanley, New Mexico and Little Saint James Island, United States Virgin Islands, Epstein forcibly sexually trafficked, abused, assaulted, battered, and raped Plaintiff, and forced

Plaintiff to perform oral sex on him, through the use of force, fraud, or coercion, and without her consent, in violation of New York Penal law, including but not limited to, §§ 130.25, 130.35, 130.40, 130.50 and 130.70, and in violation of Chapter 77.

55. Epstein engaged in outrageous conduct towards Plaintiff with the intention to cause, or with reckless disregard for the probability of causing, Plaintiff to suffer severe emotional distress.

56. As a direct and proximate result of the aforementioned assaults and batteries, Plaintiff suffered, and continues to suffer from, extreme mental distress, humiliation, anguish and emotional and physical injuries, as well as economic losses, all her damage in amounts to be proven at trial.

57. Epstein committed the acts alleged herein forcibly, maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.

58. By reason of the foregoing, Plaintiff, by and through her attorneys at **MERSON LAW, PLLC**, hereby demands judgment against Defendants in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00) in compensatory damages for Plaintiff, together with the costs and disbursements of this action and the interest imposed thereon, and any other and further relief that a jury and/or this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION
FOR THE SEXUAL TRAFFICKING OF JANE DOE XX
AS TO JEFFREY EDWARD EPSTEIN PURSUANT TO 18 U.S.C. § 1595**

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint marked and designated 1. through 58., inclusive, with the same force and effect as if hereafter set forth at length.

60. Upon information and belief, Defendants **DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the co-executors of the ESTATE OF JEFFREY EDWARD EPSTEIN**, act as the successors-in-interest and/or obligors to Epstein's assets, obligations and responsibilities.

61. From in or about 2014, and continuing thereafter in a continuous course of conduct through in or about 2018, in locations including New York, New York, Palm Beach, Florida, Stanley, New Mexico and Little Saint James Island, United States Virgin Islands, Epstein forcibly sexually trafficked, abused, assaulted, battered, and raped Plaintiff, and forced Plaintiff to perform oral sex on him, through the use of force, fraud, or coercion, and without her consent, in violation of New York Penal law, including but not limited to, §§ 130.25, 130.35, 130.40, 130.50 and 130.70, and in violation of Chapter 77.

62. Epstein, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited, threatened, forced, or coerced Plaintiff to engage in commercial sex acts.

63. Such actions were undertaken knowing that his use of force, threats of force, fraud, coercion, and/or combinations of such means would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts. In doing so, Epstein violated 18 U.S.C. §1591.

64. Furthermore, Epstein attempted to violate 18 U.S.C. § 1591, and in so doing, violated 18 U.S.C. § 1594(a).

65. Epstein also conspired with other persons known and unknown to violate 18 U.S.C. § 1591, and in so doing, violated 18 U.S.C. § 1594(c).

66. By virtue of Epstein's violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendants are subject to civil causes of action under 18 U.S.C. § 1595 by Plaintiff, who is a victim of the violations.

67. Certain parcels of property of Epstein's were essential to the commission of the federal crimes and torts described herein, including the use of multiple private aircraft including a Boeing aircraft (of make and model B-727-31H with tail number N908JE) and a Gulfstream aircraft (of make and model G-1159B with tail number N909JE). Such aircrafts, along with other parcels of Epstein's property as set forth below, were used as means and instruments of Epstein's tortious and criminal offenses and, as such, are subject to forfeiture.

68. Additionally, Epstein's New York mansion, located at 9 East 71st Street, New York, New York 10021, and his private island located in the United States Virgin Islands, were also used as means and instruments of Epstein's tortious and criminal offenses and, as such, are also subject to forfeiture.

69. As a direct and proximate result of Epstein's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in 18 U.S.C. § 1595, Plaintiff has sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

70. As a direct and proximate result of Epstein's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in 18 U.S.C. § 1595, Plaintiff has incurred medical expenses and other economic damages, and continues to be in physical pain and suffering, and will now be obligated to expend sums of money for medical care and attention in an effort to cure herself

of her injuries and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

71. As a direct and proximate result of Epstein's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in 18 U.S.C. § 1595, Plaintiff suffered, and continues to suffer from, extreme mental distress, humiliation, anguish, emotional and physical injuries, as well as economic losses, those total damages in amounts to be proven at trial.

72. As a direct and proximate result of Epstein's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in 18 U.S.C. § 1595, Plaintiff was caused to sustain severe and serious personal injuries and was caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief these injuries are of a permanent and lasting nature, and Plaintiff was incapacitated from attending her regular activities and was caused to expend sums of money for medical care on her behalf.

73. By reason of the foregoing, Plaintiff, by and through her attorneys at **MERSON LAW, PLLC**, hereby demands judgment against Defendants in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00) in compensatory damages for Plaintiff, together with the costs and disbursements of this action and the interest imposed thereon, and any other and further relief that a jury and/or this Court deems just and proper.

**WHEREFORE**, Plaintiff, by and through her attorneys at **MERSON LAW, PLLC**, respectfully requests that judgment be entered against the Defendants as follows: (a) awarding compensatory damages for all physical injuries, emotional distress, psychological harm, anxiety, humiliation, physical and emotional pain and suffering, family and social disruption,

and other harm, in an amount to be determined at trial; (b) awarding compensatory damages for Plaintiff's future medical care, psychiatric care and other needs and costs; (c) awarding Plaintiff compensatory damages for her loss of earnings and earning potential; (d) awarding Plaintiff costs and fees to repay any liens that may be levied against her judgment; (e) awarding attorneys' fees and costs pursuant to any applicable statute or law; (f) awarding pre and post-judgment interest on all such damages, fees and/or costs; (g) attaching all of Defendants' real property and other assets located in the State of New York pursuant to New York CPLR 6201 *et seq*. and Federal Rule of Civil Procedure 64; and, (h) awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      December 31, 2020

                                                          MERSON LAW, PLLC

                                      By: *Jordan Merson*
                                                Jordan K. Merson (JM-7939)
                                                Jordan K. Rutsky (JR-7033)
                                                Attorneys for Plaintiff
                                                950 Third Avenue, 18th Floor
                                                New York, New York 10022
                                                (212) 603-9100
                                                jmerson@mersonlaw.com
                                                jrutsky@mersonlaw.com